UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANNON MAHONEY, individually and on behalf of herself and all others similarly situated,

                       Plaintiff,

v.

ENDO HEALTH SOLUTIONS INC., a Delaware corporation; ENDO PHARMACEUTICALS INC., a Delaware corporation; GENERICS INTERNATIONAL (US PARENT), INC., a Delaware corporation d/b/a Qualitest Pharmaceuticals; GENERICS INTERNATIONAL (US), INC., a Delaware corporation; GENERICS BIDCO I, LLC, a Delaware limited liability company; GENERICS BIDCO II, LLC, a Delaware limited liability company; GENERICS INTERNATIONAL (US HOLDCO), INC., a Delaware corporation; GENERICS INTERNATIONAL (US MIDCO), INC., a Delaware corporation; and VINTAGE PHARMACEUTICALS, LLC, a Delaware limited liability company,

                       Defendants.

Civil Action No. 1:15-cv-09841 (DLC)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/2016

## HIPAA QUALIFIED PROTECTIVE ORDER

Plaintiff Shannon Mahoney and Defendants (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following protective order in accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), to enable the production and limit the use or disclosure of "protected health information" (as defined below) in this matter:

1. This HIPAA Qualified Protective Order, as that term is defined in 45 C.F.R. § 164.512(e), requires, for all protected health information obtained from a HIPAA "covered entity" or "business associate" of such a covered entity (as those terms are defined in 45 C.F.R. § 160.103), whether in response to a subpoena, discovery request, or other lawful process that is not accompanied by an order of the Court, that all parties be:

   a) prohibited from using or disclosing the protected health information for any purpose other than the litigation of this lawsuit; and

   b) required to either (i) return to the disclosing covered entity or business associate or (ii) destroy the protected health information (including all copies made) at the conclusion of the litigation of this lawsuit and all appellate proceedings at any level.

2. For the purposes of this HIPAA Qualified Protective Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103; *i.e.*, "protected health information" is information that (1) has been created or received by a HIPAA covered entity or an employer, (2) relates to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the past, present or future payment for the provision of health care to an individual, and (3) identifies the individual or reasonably could be expected to be used to identify the individual.

3. Documents covered by this HIPAA Qualified Protective Order may also be designated Confidential under the terms of the separate Stipulated Protective Order entered in this matter if those documents meet the criteria for Confidential Information set out in that separate Order.

So ordered.

*[signature]*
*March 18, 2016*

_____
Ingo W. Sprie, Jr.
Benjamin Wolverton
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 715-1000
Email: ingo.sprie@aporter.com

Jonathan L. Stern
David D. Fauvre
Katharine C. Hinkle
ARNOLD & PORTER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 942-5000

*Attorneys for Defendants*

_____
Robert C. Glass
MCCABE RABIN, PA
1601 Forum Place, Suite 505
West Palm Beach, FL 33401
Telephone: (561) 659-7878
Email: rglass@mccaberabin.com

David M. Buckner
BUCKNER + MILES
3350 Mary Street
Miami, Florida 33133
Telephone: (786) 523-0481

*Attorneys for Plaintiff*


Dated: March __, 2016        SO ORDERED:


_____
Hon. Denise L. Cote