```
------------------------------------- X
                                      :
SHANNON MAHONEY, individually and on  :
behalf of herself and all others      :
similarly situated,                   :
                        Plaintiff,    :    15cv9841(DLC)
                                      :
        -v-                           :
                                      :        ORDER
ENDO HEALTH SOLUTIONS, INC., a        :
Delaware corporation; ENDO            :
PHARMACEUTICALS, INC., a Delaware     :
corporation; GENERICS INTERNATIONAL   :
(US PARENT), INC., a Delaware         :
corporation, d/b/a QUALITIEST         :
PHARMACEUTICALS; GENERICS             :
INTERNATIONAL (US), INC., a Delaware  :
corporation; GENERICS BIDCO I, LLC, a :
Delaware limited liability company;   :
GENERICS INTERNATIONAL (US HOLDCO),   :
INC., a Delaware corporation; GENERICS:
INTERNATIONAL (US MIDCO), INC., a     :
Delaware corporation; and VINTAGE     :
PHARMACEUTICALS, LLC, a Delaware      :
limited liability company,            :
                                      :
                        Defendants.   :
------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/2018

DENISE COTE, District Judge:

This case was filed on December 17, 2015 by Shannon Mahoney and a putative class against the defendants for misstating the fluoride content in the defendants' prescription chewable multi-vitamins with fluoride. After almost a year of litigation, the parties reached a settlement agreement on October 19, 2016 for $15,500,000. Under the terms of the settlement agreement, each class member would be able to claim a pro rata share of the settlement fund. On June 23, 2017, the Court issued an Order

granting final approval of the settlement. This Order authorized the Claims Administrator to distribute $10,000,000 of the settlement funds to class members according to a procedure detailed therein. This Order directed that, of the remaining $5,500,000 in the settlement fund, $3,400,000 in attorneys' fees would be awarded to the plaintiffs' counsel, $73,724.23 would be awarded to the plaintiffs' counsel for reimbursement of litigation costs and expenses, and up to $2,026,275.77 would be set aside and used for notice and claims administration expenses.

On September 27, 2018, the plaintiffs filed an unopposed motion for a second distribution of the settlement funds and for additional attorneys' fees. The plaintiffs represented that, of the $10,000,000 originally earmarked for distribution to class members, as of September 6, 2018, $2,673,481.11 remained in the distribution bank account due to uncashed or undeliverable checks. The plaintiffs also represented that, of the $5,500,000 earmarked for attorneys' fees and costs and notice and claim administration, $364,408.56 remain in a qualified settlement fund account due to lower-than-anticipated administration costs and interest earnings.

The plaintiffs seek permission to distribute the remaining distribution funds to class members who cashed checks for any

amount from the first distribution, but only to those class members whose payment would be at least $10. The plaintiffs assert, based on their experience in the first distribution, that using a minimum threshold distribution of $10 would save on administrative costs and increase the expected redemption rate of this distribution. The plaintiffs represent that any additional administrative costs associated with this second distribution, estimated at $74,780.62, would come from the funds that remain in the qualified settlement fund account. The plaintiffs also seek an additional $1,125,000 in attorneys' fees. They suggest that "a significant part of" this amount would be provided by the funds that remain in the qualified settlement fund account but do not specify from where the remaining amount would be obtained. It is hereby

ORDERED that the plaintiffs may distribute the remaining $2,673,481.11 in distribution funds to class members who cashed checks for any amount from the first distribution, but only to those class members whose payment would be at least $10.

IT IS FURTHER ORDERED that any administrative costs associated with this second distribution will be paid from the funds that remain in the qualified settlement fund account.

IT IS FURTHER ORDERED that, after all of the original $10,000,000 has been distributed to class members and any

administrative costs associated with distributing these funds are paid, any funds that remain in the qualified settlement fund account shall be awarded to the plaintiffs' counsel as attorneys' fees.

Dated: New York, New York
November 14, 2018

                                        DENISE COTE
                            United States District Judge